**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Duane L. VINCENT, Respondent.**

**No. 91–SC–620–KB.**

Supreme Court of Kentucky.

Oct. 24, 1991.

As Modified Dec. 19, 1991.

Raymond Clooney, Frankfort, for complainant.

James A. Nolan, Covington, for respondent.

### OPINION AND ORDER

Pursuant to SCR 3.370, the Kentucky Bar Association has recommended that Duane L. Vincent be disbarred from the practice of law in the Commonwealth of Kentucky.

On August 27, 1990, Vincent was charged with violating two counts involving two different clients.

In KBA File 2110, Vincent was charged with unethical and unprofessional conduct by violating Disciplinary Rule 1–102(A), (3), (4), (5) and (6), which prohibits engaging in illegal conduct involving moral turpitude, conduct involving dishonesty, fraud, deceit or misrepresentation, conduct that is prejudicial to the administration of justice and conduct that adversely reflects on Vincent's fitness to practice law. Vincent was alleged to have converted $2,095 of his client's funds to his own use for a period of at least three years, received a fee of $1,000 to settle a child support case which was never concluded, and received $1,000 to form a corporation that was never formed.

Vincent was also charged with violating Disciplinary Rule 6–102 by attempting to limit his liability to his client for his malpractice and, further, attempting to secure from his client an agreement that the client would not report Vincent to the Kentucky Bar Association for violations of the disciplinary rules.

It was alleged that Vincent, after receiving $2,500 of his client's funds, failed to place the funds in any identifiable bank account, failed to identify or label the said funds, failed to render an appropriate accounting of said funds and failed to promptly pay over or deliver the said funds to his client, and that this constitutes a violation of Disciplinary Rule 9–102(A) and (B).

With respect to KBA File 2081, Vincent was alleged to have received the sum of $9,850, which was not earned and not based on any services rendered, and that this constitutes conduct involving dishonesty, fraud, deceit and misrepresentation, conduct that is prejudicial to the administration of justice and conduct that adversely reflects on his fitness to practice law in violation of Disciplinary Rule 1–102(A), (4), (5) and (6). He was also charged with violating Disciplinary Rule 2–106 by collecting an illegal or clearly excessive fee.

On June 13, 1991, the Board of Governors of the Kentucky Bar Association considered the above-styled and numbered case. At this meeting, the Board of Governors received a report from Trial Commissioner Asa Gullett, III, appointed in this matter, and voted to accept the said report.

The Board of Governors then heard oral arguments on behalf of both the complainant and the respondent. Following deliberations, a roll call vote was taken as to guilt or innocence of each of the specific charges against Vincent.

With respect to KBA File 2110, Vincent was found guilty of violating Disciplinary Rule 1–102(A), (3), (4), (5) and (6); Disciplinary Rule 6–102; and Disciplinary Rule 9–102(A) and (B) by a unanimous vote of the Board of Governors.

With respect to KBA File 2081, Vincent was found guilty of violating Disciplinary Rule 1–102(A), (4), (5) and (6), and Disciplinary Rule 2–106 by a unanimous vote of the Board of Governors.

Upon review of the Board's decision and the entire record, it is ORDERED that:

Duane L. Vincent should be and is hereby disbarred from the practice of law in the Courts of the Commonwealth of Kentucky, as defined by SCR 3.020, until such time as the Supreme Court of Kentucky enters an order reinstating his membership in the Kentucky Bar Association.

Respondent shall not file an application for reinstatement until the expiration of five (5) years from the date of this Order. Any application for reinstatement filed by respondent shall be governed by SCR 3.520 or any subsequent amendment to SCR 3.520.

Notwithstanding the five-year period mentioned above, the respondent shall not file an application for reinstatement if there is an outstanding claim or judgment against him resulting from his practice of law prior to disbarment, such claims and judgments shall include any from the Client's Security Fund of the Kentucky Bar Association.

Respondent shall comply with the provisions of SCR 3.390 regarding notice to all courts in which he has matters pending and to all clients for whom he is actively involved in representation of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Respondent shall furnish copies of such letters of notice to the Director of the Kentucky Bar Association.

Respondent shall pay the costs of this proceeding.

All concur.

ENTERED: October 24, 1991.

/s/Robert F. Stephens
Chief Justice